**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4528**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MOISES FRIAS-GUEVARA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00324-WO-1)

Submitted:  June 7, 2013        Decided:  June 19, 2013

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Convicted by a jury of one count of conspiracy to "distribute 5 kilograms or more of . . . a detectable amount of cocaine hydrochloride" in violation of 21 U.S.C. § 846, Moises Frias-Guevara challenges his conviction on three grounds.

Initially, he maintains that the Government failed to present sufficient evidence to convict him of conspiracy and so the district court erred in denying his Fed. R. Crim. P. 29 motions for acquittal. In evaluating the sufficiency of the evidence, we must uphold a jury verdict if, viewed in the light most favorable to the Government, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). The crux of Frias-Guevara's argument is that because Esteban Meneses Vasquez, with whom he was alleged to have conspired, had agreed to cooperate with the Government, there could not have been a criminal conspiracy between them. See Appellant's Br. at 16-23. Even if this is so, Frias-Guevara cannot prevail. For the Government also presented evidence that another person, Jesus Morales, who did not cooperate with the Government, conspired with Frias-Guevara to distribute the controlled substance.

In addition, although he posed no relevant objection in the district court, Frias-Guevara now maintains that the district court committed two plain errors. Demonstrating such error

2

presents a formidable challenge. See United States v. Olano, 507 U.S. 725, 732 (1993) ("There must be an error that is plain and that affect[s] substantial rights. Moreover, . . . the court should not exercise . . . discretion [to correct the error] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted)). Neither of Frias-Guevara's arguments meet this standard.

The first plain error claim rests on the district court's asserted error in failing to provide a curative jury instruction. We recently considered and rejected an identical argument in United States v. Byers, 649 F.3d 197, 213 (4th Cir. 2011). We explained that even if a witness's statement was improper and inadmissible, "a district court does not commit plain error merely because it fails to give curative instructions sua sponte." Id.

Frias-Guevara also asserts that the district court plainly erred in failing to instruct the jury that a defendant cannot conspire with a government agent. But this is not plain error when the facts of the case make quite clear Frias-Guevara also conspired with at least one person -- Morales -- who was not a government agent.

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED